# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LOUIS WATSON (# 151866)**                                              **PETITIONER**

**v.**                                                                      **No. 4:13CV52-NBB-JMV**

**LAWRENCE MACK, ET AL.**                                            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Louis Watson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Watson has not responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

Petitioner Watson pled guilty to a charge of statutory rape in the Circuit Court of Grenada County, Mississippi. On January 11, 2010, Watson was sentenced pursuant to this plea to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections. Watson is currently in the custody of the Mississippi Department of Corrections and is housed at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi. Watson filed a "Motion for Post-Conviction Collateral Relief" in the trial court, which he signed on March 21, 2011. The circuit court denied Watson's motion on May 11, 2011. On November 13, 2012, the Mississippi Court of Appeals affirmed the circuit court's decision. *Watson v. State*, 100 So.3d 1034 (Miss. App. 2012). The state court of appeals' mandate issued on December 4, 2012.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. §99-35-101. Therefore, Watson's judgment became final on the date he was sentenced. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). His deadline for filing a federal petition for a writ of *habeas corpus* then became January 11, 2011 (January 11, 2010 + 1 year). Watson did not file an application for post-conviction as set forth in 28 U.S.C. §2244(d)(2) on or before January 11, 2011; as such, he cannot enjoy statutory tolling of the federal *habeas corpus* limitations period. *See Grillete*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir.

1998).  Watson's deadline for seeking *habeas corpus* relief thus remains January 11, 2011.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on March 10, 2013, and the date it was received and stamped as "filed" in the district court on March 13, 2013.  Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 789 days (over two years) after the January 11, 2011, filing deadline.  Watson has not alleged any "rare and exceptional" circumstance to warrant equitable tolling.  *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of March, 2014.

    /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE